## CASE NO. 23-1057

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

DAVID PEREZ,

    Plaintiff-Appellant,

    v.

CITY AND COUNTY OF DENVER,
    Defendant-Appellee.

---

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Regina M. Rodriguez
Civil Action No. 1:21-cv-01263-RMR-KLM

---

## APPELLEE'S RESPONSE BRIEF

---

Respectfully submitted,

Charles T. Mitchell
Jonathan Saadeh
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Charles.Mitchell@denvergov.org
Jonathan.Saadeh@denvergov.org
*Attorneys for Defendant-Appellee*
*City and County of Denver*

**Oral Argument is requested.**

June 14, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... iv

STATEMENT OF PRIOR OR RELATED APPEALS........................................... viii

STATEMENT OF JURISDICTION.........................................................................1

STATEMENT OF THE ISSUES................................................................................2

STATEMENT OF THE CASE....................................................................................2

    I.    Relevant Facts And Procedural History .................................................2

    II.   Ruling Presented For Review....................................................................6

SUMMARY OF THE ARGUMENT ..........................................................................6

ARGUMENT .............................................................................................................7

    I.    The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Motion for Leave to File Third Amended Complaint ..............7

        A.    Standard of Review..................................................................7

        B.    The District Court Properly Denied Leave to Amend Because Mr. Perez's Proposed Third Amended Complaint was Subject to Dismissal and Would Not Survive a Motion for Summary Judgement ........................................................................8

        C.    None of Mr. Perez's Arguments Undercut The District Court's Reasoning Or Establish An Abuse Of The District Court's Discretion ...............................................................14

            1.   Many arguments focus on rulings not presented for review ...........................................................................14

            2.   Arguments concerning earlier EEOC charges are unpersuasive ...............................................................16

3.      Mr. Perez is not entitled to equitable tolling of his claims .......................................................................18

4.      The District Court's dismissal without prejudice of Plaintiff's Second Amended Complaint is not the ruling presented for review  ....................................................21

II.    The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Leave to Amend And Dismissing The Action With Prejudice ............................................................................22

A. Standard of Review ......................................................22

B. The District Court Properly Exercised Its Discretion Dismissing The Case With Prejudice Because Granting Leave To File a Fourth Amended Complaint Would Have Been Futile  ...........................23

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT  ...............................25

CONCLUSION ...........................................................................25

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPE FACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS .....................26

CERTIFICATE OF PRIVACY REDACTIONS, DIGITAL SUBMISSION, AND VIRUS PROTECTION.............................................................27

CERTIFICATE OF SERVICE .............................................................28

ORDER UNDER REVIEW AND FINAL JUDGMENT ......................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Wal-Mart Stores, Inc.*,
  144 F.3d 664 (10th Cir. 1998).................................................................. 24

*Anderson v. Suiters*,
  499 F.3d 1228 (10th Cir. 2007)............................................................. 22

*Barnes v. Harris*,
  783 F.3d 1185 (10th Cir. 2015)................................................................ 8

*Bauchman ex rel. Bauchman v. West High Sch.*,
  132 F.3d 542 (10th Cir. 1997)......................................... 8, 9, 11, 23, 24

*Biester v. Midwest Health Servs., Inc.*,
  77 F.3d 1264.......................................................................................... 19

*Bradley v. Val-Mejias*,
  379 F.3d 892 (10th Cir. 2004).............................................................. 23

*Castaldo v. Denver Public Schools*,
  276 Fed. App'x. 839 (10th Cir 2008)................................................... 20

*Castleglen, Inc. v. Resolution Tr. Corp.*,
  984 F.2d 1571 (10th Cir. 1993).............................................................. 8

*Cohen v. Longshore*,
  621 F.3d 1311 (10th Cir. 2010)............................................................ 23

*Delsa Brooke Sanderson v. Wyoming Highway Patrol*,
  976 F.3d 1164 (10th Cir. 2020)............................................................ 16

*Flaherty v. Metromail Corp.*,235 F.3d 133 (2d Cir. 2000).................................... 11

*Forman v. Davis*,
  371 U.S. 178 (1962)................................................................................ 8

*Full Life Hospice, LLC v. Sebelius*,
    709 F.3d 1012 (10th Cir. 2013)............................................................. 22, 23, 25

*Green v. Brennan*,
    578 U.S. 547 (2016) ....................................................................................... 11

*Home Design Servs., Inc. v. B & B Custom Homes, LLC*,
    509 F. Supp. 2d 968 (D. Colo. 2007)............................................................. 13, 18

*Ingels v. Thiokol Corp.*,
    42 F.3d 616 (10th Cir. 1994).......................................................................... 16

*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*,
    175 F.3d 848 (10th Cir. 1999).......................................................................... 7, 8

*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*,
    893 F.2d 1182 (10th Cir. 1990)........................................................................ 13

*Martinez v. Potter*,
    347 F.3d 1208 (10th Cir. 2003)......................................................................... 16

*McDonald v. Sch. Dist. No. 1 in the City & Cnty. of Denver & Colo.*,
    83 F. Supp. 3d 1134 (D. Colo. 2015)........................................................... 9, 10, 24

*Montes v. Vail Clinic*, Inc.,
    497 F.3d 1160 (10th Cir. 2007).......................................................................... 9

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) ..................................................................... 10, 11, 16, 24

*Oakland Oil Co. v. Conoco Inc.*,
    144 F.3d 1308............................................................................................ 19

*Rivero v. Bd. Of Regents of Univ. of N.M.*,
    950 F.3d 754 (10th Cir. 2020)........................................................................... 11

*Ross v. United States Capital Police*,
    195 F. Supp. 3d 180 ..................................................................................... 11

*Shrum v. Cooke*,
60 F.4th 1304 (10th Cir. 2023) ............................................................. 19

*Simms v. Oklahoma ex rel., Dep't of Mental Health & Substance Abuse Servs.*,
165 F.3d 1321 (10th Cir. 1999)...................................................... 17, 18

*United States ex. rel. Barrick v. Parker-Migliorini Int'l, LLC*,
878 F.3d 1224 (10th Cir. 2017)............................................................ 8

*United States v. Harrell*,
642 F.3d 907 (10th Cir. 2011)...................................................... 13, 18

*Wilburn v. Mid-South Health Dev., Inc.*,
343 F.3d 1274 (10th Cir. 2003)............................................................ 19

*Woolsey v. Marion*,
934 F.2d 1452 (10th Cir. 1991)............................................................ 13

*Xlear, Inc. v. Focus Nutrition, LLC*,
893 F.3d 1227 (10th Cir. 2018)............................................................ 19

## Statutes

28 U.S.C. § 1291 (2018) ........................................................................ 1

28 U.S.C. § 1331 ..................................................................................... 1

42 U.S.C. § 1981a ................................................................................... 1

42 U.S.C. § 2000e ............................................................................... 1, 9

42 U.S.C. § 12117(a) ....................................................................... 10, 24

42 U.S.C. §§ 12101 ................................................................................ 1

## Rules

Fed. R. Civ. P. 15 ............................................................................. 8, 22

## <u>Other Authorities</u>

D.C.COLO.LCivR. 7.1(d)............................................................................ 12

## STATEMENT OF PRIOR OR RELATED APPEALS

None.

## STATEMENT OF JURISDICTION

The United States District Court for the District of Colorado has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff-Appellant' Complaint and Jury Demand asserted claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et. seq., Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., in addition to other state and federal claims. **(Vol. I at 8-38).**[1]

This federal appellate court's jurisdiction derives from 28 U.S.C. § 1291 (2018). On February 7, 2023, the federal district court issued its Order denying Plaintiff Appellant's Opposed Motion For Leave To File Third Amended Complaint and dismissing the case with prejudice. **(Vol. II at 171-182).** On that same date, the district court issued its Final Judgment and Order denying Plaintiff Appellant's Opposed Motion For Leave To File Third Amended Complaint and dismissing the case with prejudice. **(Vol. II at 183).** The February 7, 2023 Orders and Final Judgment disposed of all of the parties' claims.

---

[1] All record citations are to the two volumes in the Record on Appeal. The Record pages are cited using the following format: "Vol.[I-II] at [##]". Pin cite pagination refers to the dark blue number(s) located at the bottom, right corner of the Record document.

Plaintiff-Appellant's Notice of Appeal was filed with the district clerk in a timely manner on February 28, 2023, because the notice was filed within 30 days after the entry of the judgment or order appealed from. **(Vol. II at 184).**

## STATEMENT OF THE ISSUES

1. Whether the District Court properly exercised its discretion to deny Mr. Perez's Opposed Motion For Leave To File Third Amended Complaint based on the multiple reasons set forth in the District Court's Order dated February 7, 2023.

2. Whether the District Court properly ordered dismissal of the action with prejudice because Mr. Perez, after being given four opportunities to plead his claims, failed to propose an amendment that would not be futile.

## STATEMENT OF THE CASE

### I.     Relevant Facts And Procedural History

Plaintiff-Appellant David Perez ("Mr. Perez") was employed by Defendant-Appellee City and County of Denver ("Denver") for approximately 14 years as a firefighter with the Denver Fire Department ("DFD"). **(Vol. I at 157; Vol. II at 26).** On March 13, 2019, Mr. Perez sustained a debilitating Line of Duty ("LOD") injury to his right hand while fighting a house fire. **(Vol. I at 158; Vol. II at 26).** Mr. Perez claims between March 19, 2019 and December 6, 2019, when Mr. Perez was placed on leave without pay, Denver failed to properly accommodate his LOD injury and

forced him to leave his DFD employment with Denver in March of 2020.  **(Vol. I at 158-172; Vol II at 26-27).**

On February 27, 2020, Mr. Perez emailed his chain of command, notifying them of his intent to take disability retirement. **(Vol. II at 110).** Specifically, on February 27, 2020, Mr. Perez notified his DFD command staff, including Assistant Chief Travis, Captain Rotella, and Lieutenant Phannenstiel, that he would be ending his DFD employment on March 2, 2020, stating "[a]fter [March 2, 2020], I will no longer be employed with the city and county." **(Vol. II at 110).** The next day, on February 28, 2020, Mr. Perez emailed the Denver Department of Safety's Human Resources ("HR") Manager and its HR Business Partner, providing them both with his notice of separation from the City effective March 2, 2020. **(Vol. II at 111-112).** Mr. Perez also informed Safety's HR Manager and HR Business Partner that he had already provided notice of his disability retirement to his chain of command. **(Vol. II at 111).** Mr. Perez's February 27, 2020 notice of his resignation is undisputed and was confirmed by his counsel during briefing on Plaintiff's Opposed Motion For Leave To File Third Amended Complaint. **(Vol. II at 120 and 180).**

Mr. Perez filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2021-00309 (the "309 Charge"), on December 28, 2020. **(Vol. II at 98-109).** The EEOC issued its "Right

to Sue" letter for the 309 Charge to Mr. Perez on May 4, 2021. **(Vol. I at 92, 155, 282).**

On May 7, 2021, Mr. Perez commenced the present federal court action by filing a Complaint and Jury Demand in federal district court, alleging discrimination and harassment, retaliation, and failure to accommodate, in violation of Title VII of the Civil Rights Act of 1962 ("Title VII"), the Colorado Anti-Discrimination Act ("CADA"), and the Americans with Disabilities Act ("ADA"). **(Vol. 1 at 8-38).** On May 10, 2021, the district court ordered Mr. Perez to cure facial deficiencies in the Complaint. **(Vol. 1 at 2).** On June 8, 2021, Mr. Perez filed his Amended Complaint and on June 10, 2021, the Court issued its Second Order Directing Plaintiff to Cure Deficiencies. (*Id.*). On July 23, 2021, Mr. Perez filed Plaintiff's Notice For Leave To File Second Amended Complaint and served Denver with his Second Amended Complaint and Jury Demand. **(Vol. 1 at 3, 93-186).**

On September 7, 2021, Denver filed its Motion For Dismissal Of Plaintiff's Second Amended Complaint, which set forth a facial challenge to Mr. Perez's amended pleading based on his failure to allege facts sufficient to establish administrative exhaustion of his claims. **(Vol. 1 at 187-197).** On August 29, 2022, the district court issued its Order, granting in part and denying in part, Denver's Motion For Dismissal Of Plaintiff's Second Amended Complaint. **(Vol. II at 26-40).** For the reason set forth in its Order, the district court granted Denver's motion

4

for dismissal of the Second Amended Complaint based on Mr. Perez's failure to allege facts sufficient to establish administrative exhaustion of his claims, but denied Denver's request for dismissal with prejudice. *Id.* The district court further ordered the parties to meaningfully meet and confer regarding the effect of any proposed amendments before seeking leave to file a third amended complaint. **(Vol. II at 35, 40).** In compliance with the Order, Denver's counsel conferred at length by telephone and in correspondence with counsel for Mr. Perez regarding the futility of Mr. Perez's continued efforts to pursue his outdated and futile claims. **(Vol. II at 92-97)**.

Despite Denver's extensive conferral efforts, Mr. Perez filed Plaintiff's Opposed Motion For Leave To File Third Amended Complaint on September 29, 2022. **(Vol. II at 41-84).** Mr. Perez's proposed third amended complaint abandoned his earlier Title VII and CADA claims and instead asserted only two claims, specifically for discrimination and retaliation under the ADA. **(Vol. II at 45-84).** In response to the motion, Denver timely filed its opposition response brief setting forth the futility of further amendments because – as explained in Denver's earlier conferral correspondence – Mr. Perez's December 28, 2020 charge of discrimination was not timely in that it was filed more than 300 days after his constructive discharge had accrued on February 27, 2020. **(Vol. II at 85-112).** On November 8, 2022, Mr. Perez filed an untimely reply brief, raising for the first time in his motion to amend

an argument that his suit was timely because it relates back to an earlier EEOC charge. **(Vol. II at 113-122).** On November 17, 2022, Denver moved to strike Mr. Perez's untimely reply brief. **(Vol. II at 141-146).**

On February 7, 2023, the district court issued its Order denying Mr. Perez's Opposed Motion for Leave To File Third Amended Complaint, and dismissing the case with prejudice. **(Vol. II at 171-182).** The district court reasoned that Mr. Perez, after being given a fourth opportunity to plead his claims, failed to propose an amendment that would not be futile and therefore, dismissal with prejudice was appropriate. *Id.*

Also on February 7, 2023, the district court issued its Final Judgment, Ordering that Plaintiff's Opposed Motion For Leave To File Third Amended Complaint is Denied, and further Ordering that the action is Dismissed With Prejudice. **(Vol. II at 183).**

## II.  Ruling Presented For Review

Mr. Perez appeals from the district court's February 7, 2023 Orders and Final Judgment denying his Motion For Leave To File Third Amended Complaint and dismissing his case with prejudice. **(Vol. II at 171-182).**

## SUMMARY OF THE ARGUMENT

All litigants must comply with the EEOC's administrative prerequisites and properly exhaust their administrative remedies by filing a charge of discrimination

as to those claims in a timely manner. Failure to do so exposes the plaintiff's case to dismissal. After four separate attempts by Mr. Perez to submit a complaint that would not be subject to dismissal, the district court properly denied Mr. Perez's Opposed Motion For Leave To File Third Amended Complaint, and dismissed the case with prejudice. After careful review, the district court found that further amendment of the claims would be futile because any such effort would not survive a motion for summary judgment.

The district court gave Mr. Perez ample opportunity to amend his claims without success and properly acted within its discretionary powers based on the undisputed facts and well-settled case law. The district court did not abuse its discretion in dismissing the case without leave to amend because it would be futile to allow Mr. Perez any further opportunities to amend his complaint. Therefore, this Court should affirm the district court's February 7, 2023 Order denying Plaintiff's Opposed Motion For Leave To File Third Amended Complaint and dismissing the action with prejudice.

## ARGUMENT

**I.    The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Motion For Leave to File Third Amended Complaint.**

### A.    Standard of Review

This Court reviews the district court's denial of a motion for leave to amend for abuse of discretion. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's*

*Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997), *cert. denied,* 542 U.S. 953 (1998). Although Fed. R. Civ. P. 15(a) states that leave to amend shall be given freely, it is within the discretion of the district court to grant or deny leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962). A district court has discretion to deny leave to amend where further amendment would be futile. *See Moody's Investor's Servs.*, 175 F.3d at 859 (citing *Bauchman*, 132 F.3d at 561); *see also, Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Forman*, 371 U.S. at 182).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex. rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). Moreover, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman*, 132 F.3d  at 562.

**B.    The District Court Properly Denied Leave To Amend Because Mr. Perez's Proposed Third Amended Complaint Was Subject To Dismissal And Would Not Survive A Motion For Summary Judgment.**

The district court properly exercised its discretion to deny Mr. Perez leave to file a third amended complaint because his proposed amendment was futile and

would not survive a motion for summary judgment. **(Vol. II at 171-182).** While Mr. Perez, through counsel, voluntarily abandoned his earlier Title VII and CADA claims and limited his proposed third amended complaint to ADA discrimination and retaliation claims, his proposed amendment still failed to show Mr. Perez filed his complaint in a timely manner and exhausted his administrative remedies prior to filing suit. *Id.* The district court previously dismissed Mr. Perez's Second Amended Complaint without prejudice, allowing him to seek leave to amend his Complaint and add allegations sufficient to plead his claims. Despite being given multiple opportunities to plead his claims, Mr. Perez failed to present an amendment that would not be futile. Consequently, the district court acted properly and was well within its discretionary authority to dismiss the case with prejudice. *Bauchman*, 132 F.3d at 562.

"An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1)). "Such a charge must be filed within 'three hundred days after the alleged unlawful employment practice occurred.'" *McDonald v. Sch. Dist. No. 1 in the City & Cnty. of Denver & Colo.*, 83 F. Supp. 3d 1134, 1140-41 (D. Colo. 2015) (quoting 42 U.S.C. § 2000e-5(e)(1)). "Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred throughout his or her term of employment, 'only incidents

that took place within the timely filing period are actionable.'" *McDonald*, 83 F. Supp. 3d at 1141 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). The same charging requirements, including the 300-day window of actionable work-related incidents, apply to employment practices under the ADA. *See* 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title.").

Mr. Perez filed his charge of disability discrimination and retaliation with the EEOC on December 28, 2020. **(Vol. II at 98-109).** Consequently, the 300-day window of actionable alleged incidents of ADA discrimination and retaliation begins on March 3, 2020, and runs until December 28, 2020, when Mr. Perez filed his charge of ADA discrimination and retaliation. Put another way, any discrete action in support of Mr. Perez's proposed third amended complaint claims that occurred outside the 300-day window of March 3, 2020 through December 28, 2020 is time-barred. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 114; *McDonald*, 83 F. Supp. 3d at 1140-41.

The district court record also confirms the fact that Mr. Perez's constructive discharge accrued when he gave notice of his resignation on February 27, 2020. **(Vol. II at 110-112, 120, and 180).** Specifically, Mr. Perez provided notice of his disability retirement to his DFD command staff on February 27, 2020, and confirmed his February 27, 2020 notice of disability resignation with the Department of

Safety's Human Resources personnel the next day. **(Vol. II at 110-112).** In briefing on his motion for leave to amend, Mr. Perez confirmed his "27 February 2020 constructive termination date" in pleadings filed with the district court. **(Vol. II at 120 and 180).**

Under United States Supreme Court precedent, a constructive discharge claim accrues "when the employee gives notice of is resignation, not on the effective date of that resignation." *Green v. Brennan*, 578 U.S. 547, 564 (2016) (holding that a Title VII claim of constructive discharge accrues on the date that plaintiff gave notice of intent to resign); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 138 (2d Cir. 2000) (same); *Ross v. United States Capital Police,* 195 F. Supp. 3d 180, 200 (D.D.C. 2016 (J. Ketanji Brown Jackson) (same). The same Supreme Court ruling applies to a claim for constructive discharge arising under the ADA. *See, e.g., Rivero v. Bd. Of Regents of Univ. of N.M.*, 950 F.3d 754, 760-61 (10th Cir. 2020).

The district court relied on this well-established case law to determine that Mr. Perez's December 28, 2020 EEOC charge is untimely as it relates to his constructive discharge claim – and any other claim involving employment actions that pre-date his constructive discharge -- because all alleged acts that took place during his Denver employment occurred outside of the statutory 300-day window of actionable claims. **(Vol. II at 179-180).** *See also, McDonald*, 83 F. Supp. 3d at 1141; *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Relying on *Bauchman ex rel. v. West*

*High Sch.*, the district court properly denied the Mr. Perez's Motion or Leave To File Third Amended Complaint because the proposed amendment would not survive a motion for summary judgment. **(Vol. II at 181).**

The district court also properly rejected arguments raised by Mr. Perez for the first time in his late-filed reply brief,[2] including his argument that the December 28, 2020 EEOC charge "relates back" to previous charges of discrimination filed with the EEOC and CCRD. Mr. Perez's conclusory and perfunctory motion for leave to amend merely argued that "justice requires" he be allowed to amend, without addressing any of the numerous facial and statutory deficiencies raised by the district court in its previous Order dismissing Plaintiff's Second Amended Complaint without prejudice, and by Denver during the parties' highly detailed conferral period. **(Vol. II at 26-40, 92-97).** Despite being on notice of abundant obstacles to further amendment, Mr. Perez nonetheless filed a bare-bones motion for leave to amend without making a case for his "relation-back" argument in a timely manner. **(Vol. II at 41-43).**

---

[2]  Denver moved to strike Mr. Perez's untimely reply in support of his Motion For Leave To File Third Amended Complaint because the untimely reply was filed after the 14-day deadline set by D.C.COLO.LCivR. 7.1(d). **(Vol. II at 141-146).** After denying leave to amend and dismissing the case with prejudice, the district court issued an Order [Doc. ECF #49] denying as moot Denver's Motion to Strike Plaintiff's Reply. **(Vol. II at p. 7 of 193).**

The district court acted within its discretionary authority to reject Mr. Perez's 'relation-back' argument because *the argument and the reply brief itself* were both untimely. **(Vol. II at 176-181).** The district court properly noted that "[r]aising [an] issue for the first time in a reply brief does not suffice," and any such arguments are deemed waived. **(Vol. II at 176)**; *see also*, *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011); *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 971 (D. Colo. 2007). The district court also found that even if it were to deny Denver's Motion to Strike and consider Mr. Perez's untimely reply, the proposed amendment would still be futile because it would not survive a motion for summary judgment. **(Vol. II at 180-181).** Finally, the district court noted Mr. Perez knew or should have known all of the facts upon which the amendment is based but failed to include them in any of the three prior versions of his complaint, which provided further grounds for dismissal. **(Vol. II at 181)**; *see also*, *Woolsey v. Marion Lab'ys,* 934 F.2d 1452, 1462 (10th Cir. 1991) ("Where the party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

In sum, the district court did not abuse its discretion in denying Mr. Perez's Motion For Leave To File Third Amended Complaint.  On the contrary, the district

court relied on well-established case law to find the proposed amendment was futile because it would not survive a motion for summary judgment. Mr. Perez also knew all of the facts upon which the proposed amendment was based but failed to include them in three prior complaints. Those failures, "in combination with the paucity of timely and un-waived argument in support of [Mr. Perez's] motion to amend," gave the district court ample reason to exercise its discretion and deny Plaintiff's Opposed Motion For Leave To File Third Amended Complaint. **(Vol. II at 181).**

**C.** **None of Mr. Perez's Arguments Undercut The District Court's Reasoning Or Establish An Abuse Of The District Court's Discretion.**

Mr. Perez raises several arguments in his Opening Brief as grounds for relief from the district court's February 7, 2023 Order. None of his arguments, however, undermine the district court's well-reasoned decision or provide a basis for reversal.

**1.** **Many arguments focus on rulings not presented for review.**

As an initial matter, it appears that much of Mr. Perez's brief is improperly focused on a challenge to the district court's Order dismissing *without prejudice* Plaintiff's Second Amended Complaint. *See* Opening Brief at p. 3 (characterizing the Statement Of The Issue" as "[a]ll complaints were filed with due-process and the Plaintiff has satisfied the required administrative-complaint procedures established by the rules and regulations that are subject to this matter."); Opening Brief at p. 13 (claiming the district court erred in dismissing Plaintiff's Second Amended

Complaint claims under Title VII and the ADA for failure to exhaust administrative remedies; Opening Brief at pp. 13-28 (focusing almost entirely on challenging the dismissal of Plaintiff's Second Amended Complaint and his Title VII, CADA and ADA claims).

The record clearly shows the district court dismissed the Second Amended Complaint *without prejudice,* allowing Plaintiff to seek leave to amend the Complaint again to add allegations that sufficiently state his claim. **(Vol. II at 40).** The August 29, 2022 Order is not the final order for appeal purposes. It was issued to resolve Denver's Motion for Dismissal of Plaintiff's Second Amended Complaint, which made a facial challenge to the sufficiency of Mr. Perez's Second Amended Complaint. Argument challenging the district court's dismissal without prejudice or rehashing Mr. Perez's abandoned Title VII and CADA claims simply have no place in the present appeal. This is an appeal from the district court's Order denying Plaintiff's Opposed Motion For Leave To File Third Amended Complaint [ECF No. 42] and the court's related dismissal with prejudice based on a finding of futility. **(Vol. II at 171-182).** See Opening Brief at p.11 ("Ruling Presented For Review"). Consequently, much of Mr. Perez's briefing is misplaced and focuses on the district court's earlier non-dispositive dismissal of a former complaint without prejudice.

### 2.    Arguments concerning earlier EEOC charges are unpersuasive.

Mr. Perez also appears to argue that administrative remedies were satisfied based on earlier charges and a theory of continuing violations, thereby "obviating the need for a second EEOC complaint." Opening Brief at p. 14 (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616 (10th Cir. 1994)). This argument fails for multiple reasons.  First, *Ingels* was abrogated by *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003). In *Martinez,* the Tenth Circuit found that the U.S. Supreme Court's pronouncement in *Natl'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), abrogates the continuing violation doctrine and fundamentally changed the earlier practice of allowing administratively unexhausted claims in Title VII actions. *Martinez*, 347 F.3d at 1210-11 (rejecting *Ingels*' application of the continuing violations theory); *see also Delsa Brooke Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020).

Mr. Perez's effort to bootstrap earlier charges and outdated alleged actions to his December 28, 2020 charge also fails due to the untimeliness of his initial charge. Mr. Perez first filed a charge with the CCRD on October 8, 2019 as EEOC Charge No. 32A-2020-0038 (the "038 Charge") **(Vol. I at 226).** The 038 Charge alleged discrimination based on Title VII and the ADA. *Id.*  The EEOC issued its "Right to Sue" Letter for the 038 Charge on February 2, 2021, informing Mr. Perez that his lawsuit "**must be filed WITHIN 90 DAYS of [his] receipt of this notice**." **(Vol. 1**

**at 91).** Ninety days from February 2, 2021 is May 3, 2021. Mr. Perez failed to commence his lawsuit until May 7, 2021 [ECF #1], which was four days after the filing deadline for maintaining an action under the 038 Charge. **(Vol. 1 at 8).** Therefore Mr. Perez's right to sue based on the 038 Charge was lost, which forced him to file an entirely new charge with the EEOC.  The new EEOC Charge No. 541-2021-00309 (the 039 Charge"), was filed on December 28, 2020, and represents the operative administrative charge in the present appeal. **(Vol. II at 98-109).** The 039 Charge is not an amendment to Mr. Perez's untimely 038 Charge and does not continue or "revive" his earlier stale charge.

Moreover, the Tenth Circuit has held that an "amendment will not relate back when it advances a new theory of recovery, regardless of the facts included in in the original complaint." *Simms v. Oklahoma ex rel., Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1999). The 038 Charge alleged claims of disability discrimination and retaliation under Title VII and the ADA. **(Vol. I at 79, 226).**  The 039 Charge cannot relate back to the earlier outdated charge because it alleges entirely new theories of recovery, including Race, Color, National Origin Discrimination as well as Disability Discrimination and Retaliation under Title VII and the ADA. **(Vol. II at 98-109).** Any effort by Mr. Perez to bootstrap the 039 Charge to the earlier, outdated 038 Charge, or claim the present

Charge relates back to his previous, outdated EEOC filing, must fail because the 039

Charge advances numerous "new theor[ies] of recovery." *Simms*, 165 F.3d at 1327.

Finally, as stated above, the Order before this Court for review is the February

7, 2023 Order denying Mr. Perez's Motion For Leave to File Third Amended

Complaint. In that order, the district court flatly and properly rejected Mr. Perez's

attempt to assert arguments regarding whether any amended charges of

discrimination "relate back" to previous charges of discrimination filed with the

EEOC because they were not raised in the initial motion. **(Vol. II at 176-177).** The

district court properly found that all such arguments were raised for the first time in

Mr. Perez's reply brief and thus were deemed waived. *Id., see also, Harrell*, 642

F.3d at 918; *B & B Custom Homes*, 509 F. Supp. 2d at 971.

For all of the above reasons, this Court should reject Mr. Perez's arguments

concerning an alleged continuing violation or efforts to relate his 039 Charge back

to other stale charges, and the district court did not abuse its discretion by doing the

same.

**3.  Mr. Perez is not entitled to equitable tolling of his claims.**

Next, Mr. Perez claims for the first time that he is entitled to equitable tolling

of all his untimely claims because "[p]laintiff's complaint should have been

amended by the EEOC instead of Plaintiff having to file a second complaint causing

additional burden on the Plaintiff in bringing forth additional claims to a district

court." Opening Brief at p. 20. This argument fails for numerous reasons. First and foremost, the issue of equitable tolling was not preserved for appeal. Mr. Perez did not raise the issue of equitable tolling with the district court in his Motion for Leave to File Third Amended Complaint, or even in his untimely filed reply brief. **(Vol. II at 41-44, 113-121).** Therefore, the issue of equitable tolling was not considered by Denver in its response briefing or addressed in the district court's Order under review in this appeal. **(Vol. II at 171-182).** "Generally, [a]n issue is waived if it was not raised below in the district court." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234 (10th Cir. 2018) (quoting *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003)). Mr. Perez's effort to shift to a new theory at this point based on equitable tolling "is not adequate to preserve issues for appeal." *See Shrum v. Cooke*, 60 F.4th 1304, 1308 (10th Cir. 2023) (quoting *Oakland Oil Co. v. Conoco Inc.* 144 F.3d 1308, 1314 n. 4 (10th Cir. 1998).

Even if this court were to consider the argument, Mr. Perez is not entitled to equitable relief. The record does not support a finding that he faced any greater obstacles beyond his control than those faced by any other claimant who must exhaust his administrative remedies before filing suit. *See, e.g., Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1269 n. 2 (10th Cir. 1996) (noting in a Title VII case that extraordinary circumstances are "necessary to justify equitable tolling under established Tenth Circuit precedent"). Moreover, Mr. Perez and his former

counsel sought to secure a tolling agreement with Denver but were unable to reach agreement. **(Vol. II at 93).** Those discussions confirm the fact that Mr. Perez and his counsel were well aware of the EEOC deadlines and still failed to meet them. (*Id.*). Finally, Mr. Perez's occasional *pro se* status does not justify equitable tolling. In *Castaldo v. Denver Public Schools*, 276 Fed. App'x. 839 (10th Cir 2008), a former employee brought action against his employer alleging violations of Title VII and the ADA. The district court dismissed the action for the employee's failure to file a timely charge of discrimination with the EEOC. In affirming the dismissal, the Tenth Circuit noted that the district court explained that the plaintiff's *pro se* status did not justify equitable tolling because he was "capable of navigating the administrative filing procedure but had done so too late." *Id.* at 842. The Tenth Circuit concluded the district court did not abuse its discretion in refusing to apply equitable tolling in circumstances faced by all litigants. *Id.*

In sum, any difficulties Mr. Perez may have had in navigating the administrative filing procedures were no more and no less than those faced by any other litigant. More importantly, Mr. Perez did not raise an argument for equitable tolling with the district court in his Motion for Leave to File Third Amended Complaint. Therefore, the issue has been waived and is not properly before this Court on appeal.

**4.    The District Court's dismissal without prejudice of Plaintiff's Second Amended Complaint is not the ruling presented for review.**

Finally, Mr. Perez argues that the briefing in connection with Defendant's Motion For Dismissal of Plaintiff's Second Amended Complaint [ECF #18] "cannot be cured" and alleges many of the arguments Denver raised in that earlier Motion to Dismiss were "misleading," "partial in nature," and "not relevant to the respective claims of this case as a whole." *See* Opening Brief at pp. 20-28. In response to Mr. Perez's Second Amended Complaint, Denver filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (6), alleging that the district court lacked subject matter jurisdiction over his CADA claims, and further arguing that Mr. Perez failed to properly state claims of discrimination and retaliation under Title VII and ADA. **(Vol. I at 187-196).** The Motion was a facial challenge to Mr. Perez's poorly framed Second Amended Complaint. The district court carefully reviewed the motion and issued an Order granting dismissal of the Second Amended Complaint, but doing so *without prejudice*, allowing Mr. Perez an opportunity to cure the deficiencies in his pleading. **(Vol. II at 26-40).** Denver's Motion to Dismiss and its subsequent ruling did not dispose of the case and were not subject to appeal.

The ruling presented for review in this appeal is an entirely different Order denying Plaintiff's Opposed Motion For Leave To File Third Amended Complaint and a Final Judgment dismissing the case with prejudice. **(Vol. II at 171-183)**; *see* Opening Brief at p. 11. Mr. Perez's hindsight rehash of the briefing on an earlier,

non-dispositive ruling that dismissed his earlier complaint without prejudice has no purpose or relevance to this appeal. Nor do his appeal arguments concerning the viability of previously pled claims for Title VII and CADA discrimination and retaliation. Mr. Perez voluntarily abandoned those claims when he excluded them from his Motion For Leave to File Third Amended Complaint. The proposed third amended complaint attached to that Motion focused solely on ADA discrimination and retaliation. **(Vol. II at 75-79).**

The district court gave Mr. Perez another chance – four chances in fact – to file a viable complaint. The earlier dismissal without prejudice gave him an additional opportunity to sufficiently state his claims. The August 29, 2022 Order providing Mr. Perez with an opportunity to plead his case again is not reviewable by this court, and all argument concerning the briefing that preceded the August 29, 2022 Order should be disregarded. **(Vol. II at 26-40);** Opening Brief at pp. 20-28.

## II.    The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Leave To Amend Based On Futility And Dismissing The Action With Prejudice.

### A. Standard Of Review

While Fed. R. Civ. P. Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow further amendment if it would be futile. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Moreover, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman*, 132 F.3d at 562.

Where leave to amend was denied "based on a determination that amendment would be futile, [appellate] review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Full Life Hospice, LLC*, 709 F.3d at 1018 (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010).

**B. The District Court Properly Exercised Its Discretion Dismissing The Case With Prejudice Because Granting Leave To File A Fourth Amended Complaint Would have Been Futile**.

After being given multiple additional opportunities to plead his claims, Mr. Perez failed to propose an amendment that would not be futile. As discussed above, the undisputed record confirms through objective documentation and Mr. Perez's own admissions, that his December 28, 2020 "039 Charge" filed with the EEOC is untimely as to his constructive discharge claim and as to any claim involving alleged actions pre-dating his constructive discharge because all such actions fall outside the 300-day window for filing. **(Vol. II at 110-112, 98-109, 120, and 180).** "Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred

throughout his or her term of employment, 'only incidents that took place within the timely filing period are actionable.'" *McDonald*, 83 F. Supp 3d at 1141 (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114); 42 U.S.C. § 12117(a).

The district court carefully reviewed the facts and applied them to the well-settled McDonnell-Douglass test as set forth in *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998), to determine that Mr. Perez's claims were futile because they would not survive a motion for summary judgment. *See Bauchman*, 132 F.3d at 562. **(Vol. II at 175-182).** Specifically, the district court found that on a motion for summary judgment, Denver "would be able to carry 'the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.'" **(Vol. II at 180)** (quoting Adler, 144 F.3d at 670). The court also found Mr. Perez has not carried the subsequent burden to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* The district court further noted that Mr. Perez provided no materials, exhibits, facts, or argument to contradict Denver's prima facie demonstration in favor of entitlement to judgment as a matter of law. **(Vol. II at 180).** For all these reasons, the district court found that Mr. Perez, "after being given an additional opportunity to plead his claims, has failed to propose an amendment that would not be futile." **(Vol. II at 182).**

In sum, the district court properly determined that further amendment of Mr. Perez's claims would be futile. This determination was based on undisputed facts and sound legal reasoning. *See Full Life Hospice, LLC*, 709 F.3d at 1018. Therefore, the district court did not abuse its discretion in denying Mr. Perez leave to further amend his complaint and dismissing the case with prejudice. *Id.*

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

Due to the novel and complex issues, counsel things oral argument may be helpful to this Court.

## CONCLUSION

For the foregoing reasons, Defendant-Appellee, the City and County of Denver, respectfully requests that this Court AFFIRM the ORDER of the district court DENYING Plaintiff's Opposed Motion For Leave To File Third Amended Complaint and DISMISSING WITH PREJUDICE Plaintiff-Appellant's civil action.

Respectfully submitted,

CHARLES T. MITCHELL
JONATHAN SAADEH
Assistant City Attorneys

*s/ Charles T. Mitchell*
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
E-mail        Charles.Mitchell@denvergov.org
                 Jonathan.Saadeh@denvergov.org
*Attorneys for Defendant-Appellee City and County of Denver*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and (f) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f)

> [X] this document contains 6164 words, or

> [ ] this brief uses a monospaced typeface and contains <state the number of> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [X] this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2208 in 14-point Times New Roman font, or

> [ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

<div style="margin-left: 40%;">

*s/ Charles T. Mitchell*

Charles T. Mitchell
Jonathan Saadeh
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
E-mail        Charles.Mitchell@denvergov.org
              Jonathan.Saadeh@denvergov.org
*Attorneys for Defendant-Appellee City and County of Denver*

</div>

## CERTIFICATE OF PRIVACY REDACTIONS, DIGITAL SUBMISSION, AND VIRUS PROTECTION

I hereby certify that with respect to the foregoing:

(1)    all required privacy redactions have been made per 10th Cir. R. 25.5;

(2)    if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)    the digital submissions have been scanned for viruses with the most recent version of CrowdStrike Falcon Sensor, version 6.52, updated May 2, 2023, and according to that program are free of viruses.

> *s/Charles T. Mitchell*
> Charles T. Mitchell
> Jonathan Saadeh
> Denver City Attorney's Office
> 201 West Colfax Ave., Dept. 1108
> Denver, Colorado 80202
> E-mail     Charles.Mitchell@denvergov.org
>                 Jonathan.Saadeh@denvergov.org
> *Attorneys for Defendant-Appellee City and County of Denver*

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2023, I electronically filed the foregoing using the CM/ECF NextGen system, which will send notification of such filing to the following:

David Perez
619 12th Street #348
Golden, CO 80401

s/Charles T. Mitchell
Charles T. Mitchell
Jonathan Saadeh
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
E-mail      Charles.Mitchell@denvergov.org
            Jonathan.Saadeh@denvergov.org
*Attorneys for Defendant-Appellee City and County of Denver*

**ORDER UNDER REVIEW AND FINAL JUDGMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:21-cv-01263-RMR-KLM

DAVID PEREZ,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

## ORDER

---

Pending before the Court is Plaintiff's Opposed Motion for Leave to File Third Amended Complaint, ECF No. 42. For the reasons stated below, the motion is DENIED, and this case is DISMISSED WITH PREJUDICE.

### I.     BACKGROUND

The factual and procedural history of this case is fully laid out in this Court's Order, ECF No. 41, granting dismissal without prejudice of Plaintiff David Perez's Second Amended Complaint and Jury Demand. It is restated here only to the extent necessary to rule on Plaintiff's present motion to amend.

In its previous order, the Court dismissed Plaintiff's claims of disability discrimination and retaliation, in violation of Title VII, the Colorado Anti-Discrimination Act ("CADA"), and the Americans with Disabilities Act ("ADA"), as well as a claim of a violation of the ADA, arising out of the work assignments he received following a debilitating Line-

of-Duty injury that he sustained as a firefighter with the Denver Fire Department ("DFD") in March of 2019, as well as his eventual separation from DFD.  The Court found that Plaintiff failed to exhaust administrative remedies as to his CADA claims because he failed to allege that he received a notice of right to sue letter from the Colorado Civil Rights Division ("CCRD").  ECF No. 41 at 7–10.  Therefore, the Court dismissed the CADA claims without prejudice for lack of jurisdiction.  *Id.* at 7–10.

The Court also dismissed Plaintiff's Title VII and ADA claims without prejudice for failure to state a claim, due to Plaintiff's failure to exhaust administrative remedies by timely filing a charge of discrimination as to those claims.  *Id.* at 11–14; *see also id.* at 13–14 (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013); *Reveles v. Catholic Health Initiatives*, No. 16-cv-2561-WJM-CBS, 2017 WL 2672112, at *2 (D. Colo. June 21, 2017)) (further finding that the Court could not consider whether the untimely charge of discrimination "related back" to a previous charge of discrimination because the Second Amended Complaint did not "refer[] to" or "mention[]" the previous charge of discrimination and so the Court could not consider it on a motion to dismiss pursuant to Rule 12(b)(6)).  The Court further held that, "if Plaintiff chooses to move to amend, Plaintiff shall file a motion to amend on or before Thursday, September 29, 2022." *Id.*

On the date ordered, Plaintiff filed the present Motion for Leave to File Third Amended Complaint.  ECF No. 42.  Plaintiff attached to the motion a proposed Third Amended Complaint and Jury Demand, showing redlined proposed amendments, pursuant to Local Rule of Practice 15.1(b).  ECF No. 42-1; D.C.COLO.LCivR 15.1(b).  The

proposed Third Amended Complaint removes the Title VII and CADA claims and indicates that Plaintiff would only maintain claims for discrimination and retaliation in violation of the ADA.  ECF No. 42-1 ¶¶ 112–39.  On October 20, 2022, Defendant the City and County of Denver filed Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint.  ECF No. 43.  On November 8, 2022—five days after the deadline for replies—Plaintiff filed Plaintiff's Reply to Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint.  ECF No. 44; *see also* D.C.COLO.LCivR 7.1(d) ("The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow.").  On November 17, 2022, Defendant filed Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint [ECF #44], ECF No. 45, arguing that the Reply should be stricken as untimely; that Plaintiff failed to confer with Defendant or seek leave from the Court for an extension; and that Plaintiff failed to show good cause or excusable neglect for the delay.  Plaintiff filed a Response in opposition to the motion to strike on December 9, 2022, ECF No. 46, and Defendant filed a Reply on December 21, 2022, ECF No. 47.

## II.  JURISDICTION AND APPLICABLE LAW

As stated above, Plaintiff's proposed Third Amended Complaint would bring claims for discrimination and retaliation in violation of the ADA.  ECF No. 42-1 ¶¶ 112–39.  As noted in the Court's previous Order, ECF No. 41 at 5–6, the Court may exercise federal question jurisdiction over claims alleging violations of the ADA.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."); *see also id.* § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.").

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or," if a responsive pleading is required, "21 days after service of a responsive pleading" or certain motions.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff seeks to file a Second Amended Complaint well past 21 days after service of Defendant's Motion to Dismiss the First Amended Complaint, ECF No. 33, and Plaintiff's motion indicates that Defendant opposes the request to amend, ECF No. 38 at 1.  Therefore, Plaintiff may only amend with the Court's leave.  *See* Fed. R. Civ. P. 15(a)(1)–(2).

Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it is within the discretion of the Court to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc."  *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).   On a motion for summary judgment, "the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).   If the movant carries "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," then "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 670–71.

## IV.    ANALYSIS

### A.    Motion to Amend

#### 1.    Plaintiff's Arguments

Plaintiff's motion to amend argues simply that "[j]ustice requires that Plaintiff be allowed to amend his Complaint" and that "[t]he Third Amended Complaint remedies the defects in the Second Amended Complaint by pleading factual matter 'that allows the Court to draw the reasonable inference' that Plaintiff timely filed his lawsuit and exhausted his administrative remedies prior to filing this lawsuit."   ECF No. 42 ¶¶ 8–9 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Arguably, the Court need not consider such conclusory and perfunctory arguments, which are generally deemed waived.  *See, e.g.*, *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived.  This briefing-waiver rule applies equally to arguments that are inadequately presented in an opening brief, such as those presented only in a perfunctory manner.") (internal quotations, citations, and alterations omitted); *In re Home Advisor, Inc. Litig.*, 491 F. Supp. 3d 879, 898 (D. Colo. 2020) (Brimmer, C.J.) (quoting *Schlecht v. Lockheed Martin Corp.*, No. 11-cv-03072-RM-BNB, 2014 WL 6778709, at *2 (D. Colo. Nov. 25, 2014) (Moore, J.)) ("Undeveloped arguments raised in a perfunctory manner are waived.").

Furthermore, Plaintiff raises arguments for the first time in his untimely reply brief regarding whether any amended charges of discrimination "relate back" to previous charges of discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC") or the Colorado Civil Rights Division ("CCRD"), such that his operative charge of discrimination should be considered timely.  *See* ECF No. 44 at 4–7. Although Defendant's motion to strike Plaintiff's reply in support of the motion to amend is pending, even if the Court were to consider Plaintiff's untimely reply, "[r]aising [an] issue for the first time in a reply brief does not suffice," and those arguments are deemed waived.  *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 971 (D. Colo. 2007) (Daniel, J.); *see also Sawyers*, 962 F.3d at 1286; *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

The Tenth Circuit has articulated two reasons for the general rule that arguments raised for the first time in a reply are waived in the context of appellate practice: "First, to allow an appellant to raise an argument for the first time in a reply brief would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response." *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) (internal quotations and citations omitted). "Second, the rule also protects us from issuing an improvident or ill-advised opinion because we did not have the benefit of the adversarial process." *Id.* The Court finds these rationales to be no less applicable here. First, because Plaintiff did not raise his arguments regarding whether any amended charges of discrimination "relate back" to previous charges of discrimination in his original motion to amend, Defendant did not have an opportunity to respond to any such argument in its Response. *See id.* Second, because the Defendant lacked an opportunity to respond, the Court does not have the benefit of the adversarial process in addressing this argument. *See id.* Therefore, even if the Court were to deny Defendant's motion to strike Plaintiff's reply as untimely and were to consider that reply, it would find that the arguments regarding whether Plaintiff's December 2020 charge should "relate back" to his previous charges were waived because they were not raised in the initial motion.

### 2.   Defendant's Arguments

Defendant argues in its Response that the proposed Third Amended Complaint does not cure Plaintiff's failure to exhaust his administrative remedies. ECF No. 43 at 2–5. According to Defendant, "Plaintiff filed his charge of disability discrimination and retaliation with the EEOC on December 28, 2020," and his constructive discharge accrued

"when [he] g[a]ve[] notice of his resignation" on February 27, 2020, when he emailed his chain of command with "notice of his intent to take disability retirement" and his intent to "end[] his DFD employment on March 2, 2020." *Id.* at 4 (citing *Green v. Brennan*, 578 U.S. 547, 564 (2016)). Hence, Defendant argues that Plaintiff's December 2020 charge of discrimination was not timely because it was filed more than 300 days after his constructive discharge accrued on February 27, 2020. *See id.*; *see also McDonald v. School Dist. No. 1*, 83 F. Supp. 3d 1134, 1140–41 (D. Colo. 2015) (Brimmer, C.J.) (quoting 42 U.S.C. § 2000e-5(e)(1)) (noting that a charge of discrimination required under Title VII "must be filed within 'three hundred days after the alleged unlawful employment practice occurred"); 42 U.S.C. § 12117(a) (applying the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title" to ADA actions). Further, Defendant states that "all other unlawful acts alleged to have occurred during [Plaintiff's] employment also took place before the 300-day window because Plaintiff claims they occurred before his constructive termination." ECF No. 43 at 5. Given that the Court finds that (even if it were to deny Defendant's pending motion to strike Plaintiff's untimely reply), Plaintiff has waived any arguments regarding the relation back of the December 28, 2020 charge of discrimination to previous charges of discrimination, *see supra* Section IV.A.1., the Court only considers whether that charge from December of 2020 was properly filed within the required 300-day time frame for purposes of this analysis.

Defendant's argument relies on materials outside of the proposed Third Amended Complaint. Namely, Defendant cites the following exhibits to show the date of Plaintiff's

constructive discharge: (1) Plaintiff's February 27, 2020 email to his chain of command with notice of his intent to take disability retirement and his intent to end his DFD employment on March 2, 2020 (Defendant's Exhibit F, ECF No. 43-6) and (2) Plaintiff's February 28, 2020 email to the Department of Safety's HR Business Partner and Safety HR Manager, providing them with his notice of separation from the City and seeking clarification on separation benefits (Defendant's Exhibit G, ECF No. 43-7).   Although Defendant does not say so explicitly, it presumably argues, by citing to these materials from outside the four corners of Plaintiff's proposed Third Amended Complaint, that the pleading "would not survive a motion for summary judgment."   *See Bauchman*, 132 F.3d at 562.  The Court agrees.

The Supreme Court has held that a constructive discharge claim arising under Title VII "accrues—and the limitations period begins to run—when the employee gives notice of his resignation, not on the effective date of that resignation."   *Green*, 578 U.S. at 564. The same applies to a claim for constructive discharge arising under the ADA.  *See, e.g.*, *Rivero v. Board of Regents of Univ. of N.M.*, 950 F.3d 754, 760–61 (10th Cir. 2020) (applying the same elements for a Title VII constructive discharge claim set forth in *Green* to a constructive discharge claim under the Rehabilitation Act and noting that "cases decided under section 504 of the Rehabilitation Act are . . . applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise") (internal quotations, alterations, and citations omitted); *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006) (applying the same standards to the accrual of a cause of action under Title VII, the ADEA, and the ADA); *see also* 42 U.S.C.

§ 12117(a) (applying the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title" to ADA actions). Defendant has provided two emails showing that Plaintiff "g[a]ve[] notice of his resignation" on February 27 and 28, 2020—305 and 304 days prior to December 28, 2020, when he filed his charge of discrimination.  *See* ECF Nos. 43-6, 43-7; *Green*, 578 U.S. at 564.

Hence, Plaintiff's December 28, 2020 charge appears to be untimely as to his constructive discharge claim and as to any claim involving acts pre-dating the constructive discharge.  *See McDonald*, 83 F. Supp. 3d at 1141 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)) ("Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred throughout his or her term of employment, 'only incidents that took place within the timely filing period are actionable.'"); 42 U.S.C. § 12117(a).  Plaintiff has provided no materials, exhibits, facts, or arguments to the contrary.  Moreover, although Defendant's motion to strike as untimely Plaintiff's reply in support of the motion to amend is pending, even if the Court were to deny the motion to strike and consider Plaintiff's untimely reply, the Court would find that the reply appears to admit that Plaintiff's "constructive termination date" is "27 February 2020," and not any time in March of 2020.  *See* ECF No. 44 at 8.

Thus, Defendant has shown that on a motion for summary judgment, it would be able to carry "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," and Plaintiff has not carried the subsequent burden to "go beyond the pleadings and 'set forth

specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *See Adler*, 144 F.3d at 670; *Bauchman*, 132 F.3d at 562. Therefore, the Court agrees with Defendant that Plaintiff's proposed Third Amended Complaint would be futile because it "would not survive a motion for summary judgment." *See Bauchman*, 132 F.3d at 562.

Defendant also argues that an additional reason to deny the motion to amend is that "Plaintiff knew or should have known the facts upon which the proposed amendment is based but failed to include them in any of the previous complaints." ECF No. 43 at 5 (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)). Indeed, the Tenth Circuit has held that "[w]here the party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey*, 934 F.2d at 1462 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Plaintiff and his counsel "kn[e]w[] or should have known" the facts alleged in the Third Amended Complaint at the time of Plaintiff's *pro se* filing of the original Complaint, ECF No. 1, and First Amended Complaint, ECF No. 4, as well as at the time of Plaintiff's counsel's filing of the Second Amended Complaint, ECF No. 12-2. The Court finds that this, in combination with the paucity of timely and un-waived argument in support of Plaintiff's motion to amend, is an additional reason that the present motion to amend should be denied.

**B.    Dismissal With Prejudice**

"[T]he district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  "Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate."  *Id.*  "If such dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice."  *Id.*

Here, the Court dismissed the Second Amended Complaint without prejudice, allowing Plaintiff to seek leave to amend the Complaint again to add allegations to sufficiently state his claims.  However, because the Plaintiff, after given an additional opportunity to plead his claims, has failed to propose an amendment that would not be futile, the Court finds that dismissal with prejudice is appropriate.

## V.    CONCLUSION

For the reasons stated above, Plaintiff's Opposed Motion for Leave to File Third Amended Complaint, ECF No. 42, is DENIED, and this action is DISMISSED WITH PREJUDICE.

DATED:  February 7, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 21-cv-01263-RMR-KLM

DAVID PEREZ,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

**FINAL JUDGMENT**

---

     In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order entered by Judge Regina M. Rodriguez on February 7, 2023 [ECF No. 48] it is

     ORDERED that Plaintiff's Opposed Motion for Leave to File Third Amended Complaint [ECF No. 42] is DENIED. It is

     FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE. It is

     FURTHER ORDERED that Defendant shall have their costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen days after the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

     Dated at Denver, Colorado this 7th day of February, 2023.

                    FOR THE COURT:
                    JEFFREY P. COLWELL, CLERK


                 By:   s/K. Myhaver
                      K. Myhaver
                      Deputy Clerk