No. 23-1057

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

DAVID PEREZ, et al.,
Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, et al.,
Defendant-Appellee.

---

On Appeal from the United States District Court for the District of Colorado
No. 21-cv-01263-RMR-KLM, The Honorable Regina M. Rodriguez

---

# REPLY BRIEF OF APPELLANT

---

David Perez
619 12th St #348
Golden Colorado 80401

(303) 433-2702
perezda@me.com

Pro-se Plaintiff-Appellant

5 July, 2023

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... iii

STATEMENT OF PRIOR OR RELATED APPEALS .................... 1

STATEMENT OF THE ISSUE .................... 1

STANDARD OF REVIEW .................... 1

ARGUMENT

I Appellee Claims The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Motion For Leave to File Third Amended Complaint Plaintiff's .................... 3

II The District Court In Correctly Exercised Its Discretion In Denying Mr. Perez's Leave To Amend Based On Futility And Dismissing The Action With Prejudice .................... 9

III Defendants Submitted Fabricated Statements Misleading The Lower Court In Making Their Order Of Summary Judgment .................... 9

CONCLUSION .................... 10

STATEMENT REGARDING ORAL ARGUMENT .................... 12

CERTIFICATE OF COMPLIANCE .................... 13

CERTIFICATE OF ELECTRONIC FILING .................... 14

CERTIFICATE OF SERVICE .................... 15

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|
| Clinton Avenue Corp. v. Silver, 150 A.D.3d 1053, 1054 (2d Dept. 2017) | 8 |
| Celotex Corp. v. Catrett :: 477 U.S. 317 (1986) | 3 |
| EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007) | 2 |
| Fort Bend County, Texas v. Davis. | 8 |
| Khalik, 671 F.3d at 1192 | 2 |
| McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973) | 1 |
| Rivera v. Smith, 63 N.Y.2d 501, 516, n.5 (1984) | 8 |
| Watson v. City of New York, 157 A.D.3d 510, 511 (1st Dept. 2018) | 8 |
| Winegrad v. New York University Med. Cntr., 64 N.Y.2d 851, 853 (1985) | |

| Statues | Page(s) |
|---|---|
| 42 U.S.C. § 2000e-2(a)(1) | 1 |
| Americans with Disabilities Act 42 U.S.C. §§ 12101 et seq | 6 |
| Americans with Disabilities Act, 42 U.S.C. § 12203(a) | 6 |
| Colorado Anti-Discrimination Act C.R.S. § 24-34-402 et.seq. | 6 |
| Colorado Anti-Discrimination Act C.R.S. § 24-34-402 et. Seq | 6 |
| Colo. Rev. Stat. § 24-34-402, et seq | 6 |
| Fed. R. App. P. 28(c) | 3 |
| Menominee Indian Tribe of Wisconsin v. United States | 11 |

Title VII, 42 U.S.C. § 2000e. et seq 6

**Rules** **Page(s)**

Colo. R. Civ. Rule 7. 4

Colo. R. Civ. P. 12 4

## STATEMENT OF PRIOR OR RELATED APPEALS

There are no prior or related appeals.

## STATEMENT OF THE ISSUES

The sole issue presented in this appeal is whether the District Court properly granted summary judgment in favor of the City and County of Denver (collectively referred to as "the City, Appellee") on purported Discrimination, Harassment and Retaliation and Wrongful Termination against Mr. Perez (collectively referred to as "the Plaintff/Appellant") in determining that the complaint filed by the Pro-se Plaintiff/Appellant in the District Court was timely and that the Appellant exhausted his administrative remedies.

## STANDARD OF REVIEW

U.S. Supreme Court rules that under Title VII, failure to file a charge of discrimination with the EEOC is not a jurisdictional bar to suit citing Fort Bend County, Texas v. Davis. "Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Id. (quoting 42 U.S.C. § 2000e-2(a)(1)). "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973)." Id. Because there is direct evidence of discrimination in the

Appellants and the Appellant claims affirmative defense in this case, the burden-shifting framework applies.

Under McDonnell Douglas, a three-step analysis requires the plaintiff first prove a prima facie case of discrimination. To set forth a prima facie case . . . , a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class.

Id. (citation omitted). The fourth element is sometimes described as the requirement to show that "the challenged action took place under circumstances giving rise to an inference of discrimination." EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).

"Title VII also makes it unlawful for an employer to retaliate against an employee 'because she has opposed any practice made an unlawful employment practice by this subchapter.'" Khalik, 671 F.3d at 1192 (brackets omitted) (quoting 42 U.S.C. § 2000e-3(a)). "A plaintiff can . . . establish retaliation either by directly showing that retaliation played a motivating part in the employment decision, or indirectly by relying on the three-part McDonnell Douglas framework." Id. To state a prima-facie retaliation claim at the first step, "a plaintiff must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected

activity and the materially adverse action." Id. at 1193 (brackets and internal quotation marks omitted).

## ARGUMENT

Pursuant to Fed. R. App. P. 28(c), Appellant states its argument as follows:

In their answer brief, the appellee makes two arguments which require a response from the appellant. These arguments relate to one or another of the four issues raised in this appeal: (1) The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Motion For Leave to File Third Amended Complaint; Appellant's Br. 7. and (2) The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Leave To Amend Based On Futility And Dismissing The Action With Prejudice. Appellant's Br. 22. These two arguments will be addressed in order.

### I. Appellee Claims The District Court Correctly Exercised Its Discretion In Denying Mr. Perez's Motion For Leave to File Third Amended Complaint.

On its face, the arguments presented by the Appellee would hold true if they were based on factual allegations. In an affirmative defense, the moving party bears the prima facie burden of showing through evidentiary proof that it is entitled to judgment as a matter of law. Citing Celotex Corp. v. Catrett: 477 U.S. 317 (1986). All of the Appellants grounds for Motion to Dismiss for failure to secure a timely right to sue notice from the Colorado Civil Rights Division (CCRD) and failure to timely exhaust his administrative remedies are without merit and have no compelling evidence

to prove otherwise.

**A. Plaintiff Filed Only One Amended Complaint That Pleadings Were Filed On.**

In order to be valid, a Complaint must (1) list the parties in the lawsuit, (2) include a statement regarding the court's jurisdiction, (3) state the claim and sufficient facts surrounding the event from which the claim arises, and (4) include a demand for the particular relief sought. Colo. R. Civ. Rule 7. The lower court recorded a Complaint Affidavit as the Plaintiffs Amended Complaint which was in error. This was the attempt by the Pro-se Plaintiff at the time to Cure Deficiencies as ordered by the court. All review should be subjected to the Second Amended pleading submitted on 23 July 2012, the Affidavit submitted on 8 June 2021 and any exhibits that were attached since that is what the appellee had responded on.

**B. Plaintiffs Motion Would Survive Motion For Summary Judgement**

The court gave an order based on false arguments and misleading information. The Appellee has repeatedly insinuated that the Appellant submitted his letter of resignation but has not given one concrete piece of evidence to support this claim. The Appellee only cited emails regarding this so-called resignation but nothing more. Appellant cites exhibits that allegedly showed the date of Plaintiff's constructive discharge with him voluntary taking a retirement option from the City. It was stated that on February 27, 2020, Plaintiff sent in an email to his chain of command with alleged notice of his intent to take disability retirement and his intent to end his DFD

employment on March 2, 2020. However, nowhere in that email does it mention an intent to retire as an employee of the City. The email stated the following which is impart:

> "*As you may already know, I want to inform you via email that yesterday February 26, 2020 my application for FPPA disability application was decided on and I was given a temporary disability status and given 6 months to continue treatment until a follow-up review will be conducted at that time.*"
> App. Vol 2 at 118.

The context clearly shows acceptance of a disability application through the FPPA which is independent from an actual retirement application of employment with the City. If the lower court sees this as the Appellant's notification of retirement, then the lower court should have also considered the Appellants request to rescind that request to continue the Interactive Process (IAP). App. Vol 2 at 118. The request to rescind and postpone an employment retirement through the city should be interpreted in the following:

> "*As you have informed me, the interactive process has stopped because of my FPPA disability decision made on Wednesday with a temporary medical disability retirement status with a 6 month re-evaluation. I wish to renew my request for reasonable accommodation for my Line of duty injury. There are several positions that I have recently found that fit my background and experience. Being that I am still a city employee, is there any support or services through the city after March 2, 2020 regarding accommodations for my Line of Duty Injury that the city provides me with my continued search of finding a job within the city? Is there also any financial assistance that may be afforded to me until I find new employment?*"
> App. Vol 2 at 187 (¶19)

As with any government agency to include this court, there is a retirement process that includes application paperwork to include conditions of retirement and actual dates and benefits. There is no actual documentation that the Appellee has

provided to the court that proves the Appellee applied and received a retirement from the City at will. The only proof of any type of retirement benefit taken was that from the FPPA. This was a disability benefit which is independent from the City and has no overall governance of the employment status of any employee of the City which the Appellant has argued all along. The lower court ignored this when they favored the Appellees arguments in the courts order where it was stated that,

> "*..email to the Department of Safety's HR Business Partner and Safety HR Manager, providing them with his notice of separation from the City and seeking clarification on separation benefits (Defendant's Exhibit G, ECF No. 43-7). Although Defendant does not say so explicitly, it presumably argues, by citing to these materials from outside the four corners of Plaintiff's proposed Third Amended Complaint, that the pleading "would not survive a motion for summary judgment." See Bauchman, 132 F.3d at 562. The Court agrees..*" App. Vol 2 at 187 (¶1)

The disability taken by the Appellee only prevents him from holding a position as a firefighter and doesn't prevent him from holding any other position within the City which the Appellant has not once raised argument against. All of this would have been presented to the court during discover if that Appellant was afforded that opportunity.

**C. Factual Arguments Made By The Appellee Have Been Presented**

In the Appellee's reply brief, it is stated in section I.(C)(1) that Appellants arguments focus on rulings not presented for review. It is stated that the court dismissed the Complaint without prejudice but that does not negate the claims previous filed in the Appellees initial complaint. In that Initial Complaint and Complaint Affidavit, numerous claims were made to include: Discrimination in Violation of Title

VII, 42 U.S.C. § 2000e. et seq; Discrimination in Violation of CADA, Colo. Rev. Stat. § 24-34-402, et seq.; Violation of Americans with Disabilities Act 42 U.S.C. §§ 12101 et seq.; Retaliation in Violation of Americans with Disabilities Act, 42 U.S.C. § 12203(a); Disability Discrimination in Violation of the Colorado Anti-Discrimination Act C.R.S. § 24-34-402 et. seq.; Disability Retaliation in Violation of the Colorado Anti-Discrimination Act C.R.S. § 24-34-402 et. seq. In this posture, this Court should defer consideration of the motion to the Appellants initial complaint and complaint affidavit because that is the complaint that the lower court made its motion on which included Title VII, CADA and ADA Claims. If the Court allows Appellees arguments to be considered, then the lower courts order on motion to dismiss the original complaint will be moot.

**D. The Lower Court Failed To Address Both EEOC Charges Filed**

Appellant claims that Appellee has attempted to boot strap earlier charges to his second EEOC charge. Plaintiff filed his initial complaint with the CCRD, complaint # E2000007124. App. Vol 1 at 228. A complaint was also filed with the EEOC, complaint # 32A-2020-00038 in conjunction with the CCRD complaint. App. Vol 1 at 228. The EEOC and the CCRD are entered into a workshare agreement whereby each agency acts as the other's agent for the purpose of receiving and drafting employment discrimination charges. Rodriguez v. Wet Ink, LLC, 603 F.3d 810, 813 (10th Cir. 2010). This was in conjunction when the City violated Plaintiff's work restrictions of "No use of right hand." App. Vol 1 at 161 (¶34) and ordered him

to handwrite all his inspections. On 9 February 2021, Plaintiff received in the mail a Notice of Right to Sue (NRTS) letter from the EEOC # 32A-2020-00038, for his first claimed filed on 17 October 2019. This was made in within the 90 days of allocated for the Appellant to file a claim. App. Vol 1 at 92. This was not argued in the Appellees Motion To Dismiss. Appellees argument was that Appellant never received a proper NRTS from the CCRD. The NRTS from the CCRD does not hold up in Federal Court. Only a NRTS letter from the EEOC can be presented her which the Appellant obtained and acted on in a timely manner exhausting his Administrative Remedies..

**E. Appellant is Entitled To Equitable Tolling On All Claims After His Initial Filing With The CCRD and EEOC.**

As argued in his Appellants open brief, the US Supreme Court held that equitable tolling requires a party to satisfy two distinct elements: diligent pursuit of its rights and extraordinary circumstances beyond its control preventing timely filing. Citing Menominee Indian Tribe of Wisconsin v. U.S. The Appellant has clearly met these two requirements. These were raised in the Appellants Reply to Defendants Motion to Dismiss. App. Vol 1 at P 211. The City had a fiduciary duty towards the Appellant. The Appellants initial complaint filed was the initial starting time to base any future arguments on for additional claims for relief. The Appellant attempted multiple times to amend his complaint which both were ignored by the CCRD and the EEOC. Case in point, the EEOC should have amended the Appellant's initial

complaint because it would have been timely but instead, they made the Appellant file a second complaint. As the Appellant's employment was terminated by the City at Midnight on 3 March 2019, all claims alleged to should be tolled to that date.

### F. New Arguments Can Be Raised On Appeal

**Issues of Law.** Appellate court can consider an argument raised for the first time on appeal where it involves "a question of law apparent on the face of the record, which could not have been avoided if raised at the proper juncture"—that is, where there is nothing the opposing party could have done below to make a factual record that would change the resolution of the issue. Citing Clinton Avenue Corp. v. Silver, 150 A.D.3d 1053, 1054 (2d Dept. 2017). The Appellate Division regularly exercises its authority to review new arguments on this basis, "as long as the issue is determinative and the record on appeal is sufficient to permit review." See Watson v. City of New York, 157 A.D.3d 510, 511 (1st Dept. 2018). This rule applies with equal force in the Court of Appeals. See Rivera v. Smith, 63 N.Y.2d 501, 516, n.5 (1984) (collecting authorities). Legal arguments depend on facts and any new argument considered turns on facts that have been brought to Appellees attention allow legal arguments presented which are fully supported by the existing record and "could not have been avoided".

**Summary Judgment**. The Appellate Court should consider arguments not raised in previous pleading that arises in appeals from orders granting summary judgment. The standard for such a motion is well-settled: the moving party bears

the prima facie burden of showing through evidentiary proof that it is entitled to judgment as a matter of law. If it provides that proof, the motion will be granted unless the opponent demonstrates (again with evidence) that a material issue of fact exists. But if the moving party fails to meet its initial prima facie burden, the motion must be denied "regardless of the sufficiency of the opposing papers." Both the Court of Appeals and the Appellate Division will readily enforce this rule. See, e.g., Winegrad v. New York University Med. Cntr., 64 N.Y.2d 851, 853 (1985). Any arguments that are questioned by the Appellee are all based on facts presented in the previous excepted pleadings presented to the courts.

### II. The District Court In Correctly Exercised Its Discretion In Denying Mr. Perez's Leave To Amend Based On Futility And Dismissing The Action With Prejudice

Appellees brings forth a Standard of Review in section II(a) of their Response Brief and makes arguments in II (b) in their Appelles Response Brief that "The District Court Properly Exercised Its Discretion Dismissing The Case With Prejudice Because Granting Leave To File A Fourth Amended Complaint Would have Been Futile". As the Appellees initial claims supporting their Motion to dismiss are based on false and misleading with no compelling evidence, this court should dismiss this argument.

## CONCLUSION

The court needs to take into consideration the continues baseless claims and affirmative defenses the Appellee has taken that have no substantial argument or bare

any compelling evidence to deny the Appellant pursuit of his day in court. The Appellant received an authorized NRTS letter from both the CCRD and EEOC as required by law, exhausting his administrative remedied in pursuit of his claim following the governing rules and regulations that over see this court. This Court should respectfully reverse the district court's decision and remand for proceedings on the merits of the Appellants Title VII, ADA and CADA claims.

Respectfully submitted,*

/s/ David Perez

David Perez, Pro Se' Plaintiff-Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. Oral argument would aid the Court in clarifying what exhaustion under Title VII, ADA and CADA are required, as well as resolving the extent to which these protected Acts demands that plaintiffs seeking remedies unavailable under them and how they must exhaust with the administrative procedures, an answer confirmed by the Supreme Court in Menominee Indian Tribe of Wisconsin v. United States.

Respectfully submitted,*

/s/ David Perez

David Perez, Pro Se' Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

1. I certify that this document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed.R. App. P. 32(f), this document contains 3401 words.

2. I certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Garamond.

5 July 2023

/s/ David Perez

David Perez, Pro Se' Plaintiff-Appellant

## CERTIFICATE OF ELECTRONIC FILING

I certify that this document complies with all privacy redactions required by 10th Cir. R. 25.5, is an exact copy of the paper copies submitted to the U.S. Court of Appeals for the Tenth Circuit and has been drafted and converted into searchable PDF on a Macbook Pro which uses XProtect and Malware Removal Tool for malware and virus protection.

5 July 2023 /s/ David Perez

David Perez, Pro Se' Plaintiff-Appellant

CERTIFICATE OF SERVICE

I certify that, on 5 July 2023, I electronically filed this Opening Brief of Appellant David Perez using the Court's CM/ECF system, which will send notification of its filing to the following people:

Charles Mitchell (Charles.Mitchell@denvergov.org),

and

Jonathan.Saadeh, (Jonathan.Saadeh@denvergov.org).

/s/ David Perez
David Perez, Pro Se' Plaintiff-Appellant